Angie Perkins, ISB No. 10113
PERKINS LAW
P.O. Box 1930
Boise, Idaho 83701-1930
(208) 871-9897
angie@angieperkinslaw.com

Vaughn Fisher, ISB No. 7624
FISHER & HUDSON, PLLC
950 W. Bannock St., Suite 630
Boise, Idaho 83702
(208) 345-7000
vaughn@fisherhudson.com
service@fisherhudson.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINE HARTMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JASON ROBERT NORDMEYER, an individual,<br><br>Defendant. | Civil Action No. 2:24-cv-245<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW Plaintiff, Christine Hartman, by and through her attorneys of record, PERKINS LAW and FISHER & HUDSON, PLLC, and hereby alleges and complains as follows:

## PARTIES

1. Plaintiff Christine Hartman ("Plaintiff") is a resident of Denver, Denver County, Colorado.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2. On information and belief, Defendant Jason Robert Nordmeyer ("Defendant") is a resident of Renton, King County, Washington.

## VENUE & JURSIDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S. Code § 1332(a)(1) as the parties are citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S. Code § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in this judicial district.

5. The amount in controversy exceeds the minimum jurisdictional requirements of this Court.

## GENERAL ALLEGATIONS

6. On or about May 18, 2022, Plaintiff and Defendant were in a romantic relationship.

7. On or about May 18, 2022, Plaintiff and Defendant were staying in Idaho County during an extended camping and rafting trip.

8. On or about May 18, 2022—and for the duration of the trip, Plaintiff and Defendant were cohabitating in Defendant's camper attached to Defendant's truck.

9. On or about May 18, 2022, while in the camper, the two began arguing.

10. On or about May 18, 2022, Defendant physically and violently assaulted Plaintiff, including but not limited to the following: choking; attempted strangling; slamming her head on a counter and floor; punching; pulling out her hair from her scalp; head butting; placing his forearm on her esophagus; biting; punching her in the ribs; smashing her hand, and breaking her pinky finger.

11. Plaintiff was able to escape Defendant and eventually arrived at a hospital emergency department in Montana where she was diagnosed with a left finger fracture.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

12. On or about May 24, 2022, Plaintiff reported the assault to Idaho County Sheriff's Department.

13. On or about May 24, 2024, Defendant fled Idaho.

14. On June 3, 2022, Plaintiff underwent surgery wherein two pins were placed to repair the left finger fracture.

15. Defendant was arrested in Leadville, Colorado on September 29, 2022, by U.S. Marshals.

16. On or about December 19, 2022, Defendant pled guilty to felony attempted strangulation and felony battery in *State v. Nordmeyer*, Case No. CR25-22-0933.

17. As a result of the assault, Defendant caused Plaintiff past and future physical, emotional, and economic damage, including but not limited to: contusions, abrasions, finger fracture, emotional distress, psychological trauma, lost wages, medical bills, travel costs, and legal bills.

## CAUSES OF ACTION

### Count I—Assault

18. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

19. On or about May 18, 2022, Defendant acted intending to cause a harmful or offensive contact with Plaintiff, or an immediate fear of such contact.

20. As a result, Plaintiff feared that such contact was imminent.

### Count II—Battery

21. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

22. Defendant intentionally touched Plaintiff.

23. Plaintiff did not permit or consent to the touching.

24. Defendant knew the touching was not permitted.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

25. The touching was unlawful, harmful and/or offensive.

### Count III—Negligence

26. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

27. On or about May 18, 2022, it was the duty of Defendant, before and at the time of the occurrence, to use ordinary care for the safety of the Plaintiff.

28. On or about May 18, 2022, Defendant breached his duty to use ordinary care for the safety of Plaintiff by physically assaulting and battering her.

29. Defendant's breach of his duty of ordinary care to Plaintiff was the proximate cause of harm to Plaintiff on or about May 18, 2022.

### Count IV—Negligence Per Se

30. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

31. On May 18, 2022, Defendant had legal duties, recognized by law, requiring him to conform to certain standards of conduct.

32. Idaho Code § 18-923 makes it unlawful for individuals to choke or attempt to strangle a household member, or a person with whom he has or had a dating relationship.

33. Idaho Code § 18-918(2)(a) makes it unlawful for any household member who in committing a battery, as defined in Idaho Code § 18-903, inflicts a traumatic injury upon any other household member.

34. The above statutes were enacted to prevent the type of harm which occurred in this matter, and Plaintiff was a member of the class of persons the statute was designed to protect.

35. Defendant violated Idaho Code § 18-923 and breached his legal duties.

36. Defendant violated Idaho Code § 18-918(2)(a) and breached his legal duties.

37. Defendant's unlawful conduct constitutes negligence *per se*.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

38. Defendant's breach of legal duties and his unlawful conduct are the direct and proximate cause of injury and damage to Plaintiff.

### Count V—Intentional Infliction of Emotional Distress

39. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

40. Defendant's conduct as described herein was intentional.

41. Defendant's conduct as described herein was reckless.

42. Defendant's conduct as described herein was extreme and outrageous.

43. A causal connection exists between Defendant's wrongful conduct as described herein and Plaintiff's emotional distress.

44. Plaintiff's emotional distress—caused by Defendant's wrongful conduct as described herein—was severe.

### Count VI—Negligent Infliction of Emotional Distress

45. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

46. On or about May 18, 2022, Defendant owed a legal duty to Plaintiff.

47. On or about May 18, 2022, Defendant breached the legal duty owed to Plaintiff.

48. Defendant's conduct on or about May 18, 2022, was causally connected to Plaintiff's injury.

49. Plaintiff was seriously injured by Defendant's conduct on or about May 18, 2022.

### COSTS & ATTORNEY FEES

As a result of the Defendant's conduct complained of herein, Plaintiff has been required to retain the services of legal counsel to represent her in this matter. Pursuant to Idaho Code §12-121, Rule 54 of the Federal Rules of Civil Procedure, and all other applicable laws, Defendant is liable to Plaintiff for her reasonable attorney fees and litigation costs.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For Plaintiff's past and future damages to be proven at trial, including but not limited to damages for emotional and physical pain and suffering, mental anguish, disability, loss of society and companionship, expenses for past and future medical treatment, expenses for past and future therapy, expenses for lost wages;

2. For costs of suit, including reasonable attorney fees, or $7,500 should this matter be uncontested;

3. For the imposition of punitive damages against Defendant in an amount to be determined by the enlightened conscience of the jury; and

4. For such other and further relief as this Court deems just and equitable.

DATED this 14th day of May 2024.

Angie Perkins
*Attorney for Plaintiff*

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**