UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINE HARTMAN, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>JASON ROBERT NORDMEYER, an individual,<br><br>      Defendant. | Case No. 2:24-cv-00245-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Christine Hartman moves for partial summary judgment. Dkt. 13. Defendant Jason Robert Nordmeyer has not responded. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

During a trip together in North Idaho, Nordmeyer and Hartman started arguing. *See Hartman Decl.* at 2, Dkt. 13-2 at 2. Nordmeyer escalated the situation by physically attacking Hartman, causing her several injuries. *See Hartman Decl.* at 2-3, Dkt. 13-2 at 2-3. Nordmeyer pleaded guilty in Idaho state court to two charges: (1) attempted strangulation and (2) battery—domestic violence, inflicting traumatic injury. *See Perkins Decl.*, Ex. A at 1, Dkt. 13-4 at 2; *see also* I.C. §§ 18-

**MEMORANDUM DECISION AND ORDER - 1**

923, 18-918(2)(a). He was sentenced to at least four and not more than six years in custody. *See Perkins Decl.*, Ex. A at 1, Dkt. 13-4 at 1.

In filing this action, Hartman seeks damages against Nordmeyer for assault, battery, negligence, negligence per se, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Compl.* at 3-5, Dkt. 1 at 3-5. In his Answer, Nordmeyer denied all allegations in the Complaint. *Ans.* at 7, Dkt. 4 at 8.

Hartman later moved for both partial summary judgment and to amend or correct her Complaint to request punitive damages. Dkts. 13, 14. Nordmeyer failed to respond to either motion by his deadline for doing so. The Court then granted Hartman's motion to amend or correct her Complaint to request punitive damages. Dkt. 20. As for the motion for partial summary judgment, the Court directed Hartman to file a supplemental brief addressing whether federal or state law applies to the issue of collateral estoppel raised in that motion and to explain how that law applies in this matter. Dkt. 19. Hartman filed her supplemental brief; Hartman did not respond. Dkt. 22.

## LEGAL STANDARD

The Court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This standard requires more

MEMORANDUM DECISION AND ORDER - 2

than the "mere existence of *some* alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, it requires "there be no *genuine* issue of *material* fact." *Id*. at 248. A fact is "material" if it may affect the outcome of the case. *Id*. at 248. And to be considered "genuine," an issue must be established by enough evidence to require a judge or jury to resolve it at trial. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)).

To defeat a motion for summary judgment, the nonmoving party must present evidence upon which a reasonable juror drawing all inferences in his favor could return the verdict he seeks. *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017). The Supreme Court has made clear: "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Id*.

Of course, when applying the above standard, the court must view all the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

## ANALYSIS

Hartman moves for summary judgment only on her assault and battery claims. *Mot. for Partial Summ. Judg.*, Dkt. 13-1. She argues that Nordmeyer is

MEMORANDUM DECISION AND ORDER - 3

collaterally estopped from arguing that he is not liable on these claims because of his criminal convictions. *Mot. for Partial Summ. Judg.* at 7-10, Dkt. 13-1 at 7-10. Collateral estoppel protects parties from litigating an "identical issue with the same party." *Wernecke v. St. Maries Joint School Dist. No. 401*, 147 Idaho 277, 289 (2009).

Under Idaho law, which the Court must use in this diversity-jurisdiction case, there are five requirements for collateral estoppel to apply. *Anderson v. City of Pocatello*, 112 Idaho 176, 183-84 (1986). Only two are necessary to address here: (1) that the issue decided in the prior litigation was identical with the one presented in this case, and (2) that the issue was actually decided in the prior litigation, which may be dependent on whether deciding the issue was necessary to the prior judgment. *Id*.

Hartman first asserts that Nordmeyer is collaterally estopped from contesting his civil liability for assault because he pled guilty to and was convicted of attempted strangulation and battery—domestic violence. *Mot. for Partial Summ. Judg.* at 8-9, Dkt. 13-1 at 8-9. Civil assault "is an unlawful threat or offer to do bodily harm or injury to another." *Miller v. Idaho State Patrol*, 150 Idaho 856, 871 (2011) (cleaned up). To succeed on this claim, the plaintiff must prove (1) that "[t]he defendant acted intending to cause harmful or offensive contact with the

**MEMORANDUM DECISION AND ORDER - 4**

person of the plaintiff or a third person, or an immediate fear of such contact," (2) and "[a]s a result, the plaintiff feared that such contact was imminent." *Dreyer v. Idaho Dep't of Health & Welfare*, 558 F. Supp. 3d 917, 940 (D. Idaho 2021).

The problem for Hartman is that neither of Nordmeyer's convictions present the issues identical to those she needs to establish for a successful civil assault claim. *Anderson*, 112 Idaho at 183-84. Specifically, neither attempted strangulation nor battery—domestic violence require the victim to have been in imminent fear of contact, as is necessary for a civil assault claim. I.C. §§ 18-903 (Battery); 18-918 (Domestic Violence); 18-923 (Attempted Strangulation). Thus, the issues are not identical between the crimes Nordmeyer committed and civil assault. And because imminent fear of contact is not required to be proven for either crime, this issue was not actually decided during his criminal proceedings. *See Dreyer*, 558 F. Supp. 3d at 940. Hartman does not address this shortcoming of her argument in either of her briefs, nor does the evidence she provided regarding her description of Nordmeyer's attack or his record of criminal conviction fill the gap. *See* Dkt. 13, 22. The Court thus denies Hartman's request to find that Nordmeyer is collaterally estopped from contesting Hartman's civil assault claim.

Next, Hartman asserts that Nordmeyer is collaterally estopped from challenging his liability for civil battery because of his criminal convictions. *Mot.*

**MEMORANDUM DECISION AND ORDER - 5**

*for Partial Summ. Judg.* at 9-10, Dkt. 13-1 at 9-10. "Civil battery consists of an intentional, unpermitted contact upon the person of another which is either unlawful, harmful or offensive." *Neal v. Neal*, 125 Idaho 617, 622 (1994). Crucially here, "lack of consent is also an essential element of battery." *Id*. But lack of consent is not an element of attempted strangulation. I.C. § 18-923. And the crime of battery can be committed in three different ways, only one of which requires the act to be "against the will of the other." I.C. § 18-903(a)-(c). But the evidence Hartman provided does not show which subsection of the criminal battery law Nordmeyer pled to. *See* Dkt. 13. Again, Hartman does not address this flaw in her argument. *See* Dkt. 13, 22. Without more, the Court cannot determine that the issue of lack of consent is identical between either of Nordmeyer's criminal convictions and civil battery or that lack of consent was actually decided as part of his criminal convictions. The Court thus also denies Hartman's request to collaterally estop Nordmeyer from contesting Hartman's claim that he committed civil battery against her.

**MEMORANDUM DECISION AND ORDER - 6**

## ORDER

**IT IS ORDERED:**

Plaintiff's Motion for Partial Summary Judgment (Dkt. 13) is **DENIED**.

DATED: March 30, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**